IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHARLES SIMPSON,**<br><br>Petitioner,<br><br>v.<br><br>**THE WARDEN OF CSP-CORCORAN,**<br><br>Respondent. | 1:15-cv-00086 AWI MJS HC<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR A FAILURE TO FOLLOW COURT ORDER** |

On January 20, 2015, Petitioner filed a petition for writ of habeas corpus. On January 22, 2015, the Court screened the petition, granted Petitioner leave to file an amended petition, and provided a blank habeas form for doing so. (ECF No. 4.) The Court found that Petitioner's original petition did not state the grounds for relief and facts supporting each ground, and therefore would not provide Respondent proper notice of his claims. (Id.) Petitioner was provided thirty (30) days to respond to the order and was forewarned that failure to respond would result in the dismissal of the petition. (Id.)

Petitioner did not file a response to the order. Instead, Petitioner filed a motion to grant the petition based on the Court's issuance of the January 22, 2015 order, and the Court's January 21, 2015 order authorizing in forma pauperis status. Petitioner asserts that he did not file motions that were the subject of the Court's orders, and that based on

1

the Court's alleged error in issuing the orders, his petition should be granted.

## I.  DISCUSSION

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61; Malone, 833 F.2d at 130; Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because it does not appear that Plaintiff has made a good faith effort to

prosecute this matter. Instead of filing an amended petition and further describing his claims, Petitioner filed a cursory motion to grant the petition. Petitioner's motion is not a proper response to the Court's order. As the Court described in the screening order, the original petition does not set forth claims for relief or facts to support the claims. The Court's orders were not improper. Petitioner need not move the Court prior to the issuance of an order. In this case, the screening order and order granting in forma pauperis status were properly issued sua sponte, and without need of a motion on behalf of Petitioner or Respondent.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. Here, the Court's order was clear that dismissal would result from non-compliance with the order. (See ECF No. 7 ["[F]ailure to follow this order will result in dismissal of the petition pursuant to Local Rule 110."].)

**II.    RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for Plaintiff's failure to comply with a court order.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of Title 28 of the United States Code section 636 (b)(1)(B). Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that

failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   March 3, 2015                          /s/ *Michael J. Seng*
                                                                UNITED STATES MAGISTRATE JUDGE